[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9579
The plaintiff Town of Wallingford (Town) has filed this action, an Application to Vacate Arbitration in a matter that has been decided by the state Board of Mediation and Arbitration. In the alternative, the plaintiff requests the court to remand the matter to the arbitrators should the court determine that the arbitrators imperfectly decided the matter.
The defendant union, Local 1183, Council 4, American Federation of state, County Municipal Employees (Union) has moved to confirm the arbitration. Also the Union opposes any remand, unless the award is vacated.
The dispute that is the subject of this action involves the change in compensated work hours for one employee. The grievant was an Attendant at the town's waste water treatment plant. Until December 1994, he worked 8:00 A.M. to 4:30 P.M., including paid half-hour for lunch. The grievant was designated the crew leader. Beginning January 1, 1995, the town changed the grievant's schedule and compensation so that henceforth he was to work from 8:00 A.M. to 4:30 P.M., with an unpaid half-hour lunch. Article 5, section 3a, of the Collective Bargaining Agreement provides:
 The normal work week for day workers shall be forty (40) hours, consisting of five (5) work days, Monday through Friday, of eight (8) hours each day, 8:00 a.m. — 4:30 p. m., with one-half hour off for lunch.
The matter made its way to the state Board of Mediation and Arbitration which unanimously found that the town had violated the collective bargaining agreement by taking away the grievant's paid lunch period.
The plaintiff Town moves to vacate or remand this arbitration based on the following sentence in the decision:
 The Panel unanimously finds that the Town had the right to make the scheduling and staffing changes, but had the responsibility to negotiate the impact of the change with the Grievant.
Arbitration Decision. p. 4. The Town argues that since the finding was that the Town had the "right" to make the change, it CT Page 9580 is inconsistent to then hold that the Town must "negotiate" with respect to the change.
This position ignores the remainder of the decision, however. The arbitration panel noted that the testimony of the Grievant was that the historical staffing pattern at the town sewer department was that he had been "on-call" during his lunch, and thus had always been compensated for the one-half hour lunch period. Also the panel, in its remedy, did not compel the Town to negotiate but merely, having already unilaterally made the change, to pay him for his lost one-half hour.
The plaintiff argues that the "finding" of the Panel in the offending sentence is inconsistent as a matter of law with its award to the Grievant of compensation for his one-half hour lunch. But, while inartfully stated, the import of the sentence is clear from the context of the decision and the contract provisions included in it. Yes, under Article 5, Section 3, the normal work week for sewer attendants is 40 hours with one-half hour off for lunch"; but in this situation if the one-half hour is not really off, but on call time then the town must compensate the employee for what is really work time.
The plaintiff seeks to capitalize on the what may be poorly worded but is nonetheless logically and legally consistent. The Panel's finding comported with the submission and the panel's conclusion and award is consistent with the collective bargaining agreement.
The Application to Vacate is denied. The Cross Application to Confirm is granted.
Patty Jenkins Pittman Judge of the Superior Court